# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00102-CR

**Manuel Garcia Melendres, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-06-100071, HONORABLE MELISSA GOODWIN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Manuel Garcia Melendres guilty of indecency with a child by contact and assessed punishment at five years' imprisonment. *See* Tex. Penal Code Ann. § 21.11 (West 2003). In a single point of error, appellant complains of error in the court's jury charge. Although we agree that there was charge error, we conclude that it did not result in egregious harm. We therefore affirm the conviction.

The complainant testified that when she was ten years old, appellant came to her room one night and began to rub her upper thighs with his hand. He then lifted her shirt and kissed her chest. He also pulled down her skirt and kissed her belly button and "private part." He then put his "private part" on and in her "private part." The complainant made an immediate outcry, and she was taken to Children's Hospital for an examination by a sexual assault nurse examiner. During this examination, the nurse swabbed dried secretions that she saw on the complainant's breast. When

tested, this swab was negative for semen but did contain appellant's DNA. The nurse also swabbed the complainant's mouth, vagina, anus, and umbilicus. These swabs were also negative for semen, and they did not contain appellant's DNA.

Appellant testified that he was awakened on the night in question by someone touching his penis. Appellant said that he first thought that he was being touched by the complainant's mother. When he realized that he was being touched by the complainant, he pushed her away. Appellant could not explain how his DNA came to be on the complainant's breast, but he suggested that she may have put her breast on his mouth while he was asleep.

Appellant was indicted for three counts of aggravated sexual assault of a child, three counts of indecency with a child by contact, and three counts of indecency with a child by exposure. The jury found appellant not guilty on all counts but one. Count five, the count on which appellant was convicted, alleged that he engaged in sexual contact with the complainant by touching her breast with the intent to arouse or gratify his sexual desire. *See id.* § 21.11(a)(1), (c)(1).

The error of which appellant complains appears in that portion of the charge generally explaining the applicable law and defining the relevant terms. The charge instructed the jury that a person commits the offense of indecency with a child by contact "if, with a child younger than 17 years and not the person's spouse, he intentionally or knowingly engages in sexual contact with the child or causes the child to engage in sexual contact." This instruction is correct. *See id.* § 21.11(a)(1).[1] The charge then defined "sexual contact" as follows:

---

[1] At appellant's request, the court omitted the phrase "whether the child is of the same or opposite sex."

> "Sexual contact" means any touching by a person, including touching through clothing, of the anus or any part of the genitals of a child; or any touching of any part of the body of a child, including touching through clothing, with the anus or any part of the genitals of a person, if committed with the intent to arouse or gratify the sexual desire of any person.

This definition is erroneous in that it is incomplete. The statutory definition of "sexual contact" also includes any touching of a child's breast by another person, or any touching of a child's body by another person's breast, with the requisite intent. *See id*. § 21.11(c)(1), (2).

Appellant did not object to this error, and thus reversible error is presented only if the error resulted in such egregious harm as to deny him a fair trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). An egregious or fundamental error is one that goes to the very basis of the case, deprives the accused of a valuable right, or vitally affects a defensive theory. *Id*. at 172. In determining whether such error is presented, we must consider the record as a whole, including the evidence, the arguments of counsel, and the remainder of the charge. *Id*. at 174. The error must be actual and not just theoretical. *Id*.

Appellant argues that he was egregiously harmed by the court's incomplete definition of "sexual contact" because it resulted in his conviction on a legally and logically impossible theory. The application paragraph for count five authorized his conviction for indecency with a child by contact if the jury found that he:

> intentionally or knowingly, with the intent to arouse and gratify the sexual desire of the said [appellant], engage[d] in sexual contact with [the complainant] . . . by then and there touching the breast of the said [complainant] . . . .

3

This application paragraph tracks the allegations in the indictment and is, on its face, legally correct. Appellant argues, however, that when the application paragraph is read in light of the trial court's erroneous definition of "sexual contact," it authorized his conviction if the jury found that he touched the complainant's anus or genitals by touching her breast. Appellant contends that the effect of the charge error was to allow his conviction for touching the complainant's breast without a jury finding on that issue.

There is some evidence that the jury was confused by the court's definition of "sexual contact" as it applied to count five. During deliberations, the jury sent a note to the trial court asking, "With regard to Count V, does sexual contact include contact with the breast by the mouth?" The court responded by directing the jury to "consider the charge as previously submitted to you."

It is significant that the trial court's definition of "sexual contact" did not expand the meaning of that term to include conduct that is not unlawful under section 21.11. Instead, the court's definition was too narrow; it excluded from the definition of "sexual contact" conduct—the touching of a child's breast—that is proscribed by section 21.11. To the extent that the jury wondered how the touching of the complainant's breast could constitute "sexual contact" as that term had been defined for them by the court, the confusion was favorable to the defense. If the jury had literally applied the trial court's erroneous definition of "sexual contact," it would have acquitted appellant on count five because the touching of the complainant's breast did not constitute "sexual contact" under that definition.

Contrary to appellant's argument, the charge error did not permit the jury to convict him on count five without finding that he engaged in the conduct alleged in that count. Count

4

five alleged that appellant engaged in sexual contact by touching the complainant's breast. On its face, the application paragraph tracked the indictment, and it expressly conditioned appellant's conviction on a finding that he touched the complainant's breast as alleged. Even when the application paragraph is read in light of the trial court's erroneous definition of "sexual contact," it does not permit the jury to convict appellant based on a finding that he touched only the complainant's anus or genitals, or without finding that he touched her breast. Whatever confusion the court's erroneous definition of "sexual contact" might have caused among the jurors, neither the application paragraph alone nor the charge as a whole permitted the jury to convict appellant on count five without finding beyond a reasonable doubt that he touched the complainant's breast with the intent to arouse or gratify his sexual desire as alleged in the indictment and as proscribed by the penal code.

Appellant further argues that the charge error resulted in a double jeopardy violation. He notes that count four of the indictment alleged that he engaged in sexual contact with the complainant by touching her genitals. Appellant argues that having been acquitted of this conduct as alleged in count four, he was subjected to double jeopardy by having been convicted of the same conduct under count five. We have already explained, however, that the erroneous definition of "sexual contact" did not permit the jury to convict appellant on count five based on a finding that he touched the complainant's genitals. Appellant's double jeopardy argument is based on a faulty premise and therefore fails.

5

We conclude that the charge error to which appellant did not object at trial did not result in actual, egregious harm so as to deny him a fair trial. No reversible error is presented.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   February 19, 2009

Do Not Publish